UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTINA PARKER

    Plaintiff,

vs.

CASE NO.:

3:11-cv-612-J-32JRK

FOCUS RECEIVABLES MANAGEMENT, LLC.,
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CHRISTINA PARKER [hereinafter Plaintiff], by and through undersigned counsel, and files this Complaint against the Defendant, FOCUS RECEIVABLES MANAGEMENT, LLC. [hereinafter Defendant] and alleges:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.201 et seq. of the Florida Statutes, by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in the Plaintiff resided in Duval County, Florida and the Defendant conducted business in Duval County, Florida.

## PARTIES

4. Plaintiff is a natural person who resides in Duval County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) Sections 559.55(2) and 501.203(7), Fla. Stat.

5. Defendant is a collection agency operating from an address of 1130 Northchase Parkway, Ste. 150, Marietta, GA 30067, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a (6) and Section 559.55(6).

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat.

7. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff and Defendant's representatives began to phone the Plaintiff in an attempt to collect on the debt.

8. On or about April 7, 2011, Plaintiff negotiated a settlement with the Defendant and asked that her debt be validated. Plaintiff then informed Defendant that she was at her place of employment and asked that she not be contacted further as she is unable to receive personal phone calls during work hours.

9. In violation of 15 U.S.C. § 1692d and F.S. 559.72(7), the Defendant continued to contact the Plaintiff by telephone in an effort to collect the debt after being notified that she could no longer accept personal phone calls at work. Plaintiff was contacted seven times that day including April 7, 2011 at 9:51 a.m., 2:54 p.m., 3:00 p.m., 4:09 p.m., and 5:48 p.m.

## TRIAL BY JURY

10. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P.38.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

Plaintiff realleges Paragraphs (6) six through (10) ten as though fully restated herein and further restates as follows:

11. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to:

   a. Communicating with the consumer at any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00 a.m. or after 9:00 p.m. by calling the Plaintiff at her place of work after specific instructions not to. 15 U.S.C. 1692 c(a)(1);

   b. Communicating with the consumer at a place of employment when it is known that the employer prohibits such communication by continuing to phone the consumer at work after being specifically asked not to by the Plaintiff's employer, 15 U.S.C. 1692 c(a)(3);

   c. Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any other person by calling the Plaintiff seven times in one day 15 U.S.C. 1692 d;

d. Causing the phone to ring or engaged any person in telephone conversations repeatedly including seven times in one day, 15 U.S.C. 1692 d (5);

e. Engaging in any unfair or unconscionable means to collect or attempt to collect the alleged debt15 U.S.C. 1692 f.

12. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT TWO: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 et seq., Fla. Stat.

Plaintiff incorporates by reference paragraphs six (6) through ten (10) of this Complaint as though fully stated herein.

13. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

14. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

## COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.§ 1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and for Plaintiff; and

- for such other relief as this Court deems just and proper.

## COUNT II: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Section 559.55 et seq., Fla. Stat.

- for an award of actual damages pursuant to Section 559.77 against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff' credit reports; and

- for such other relief as this Court deems just and proper.

COLLINS & STORY, P.A.

*[signature]*

MAX STORY, ESQ.
Florida Bar No. 527238
JENNIFER MCCARTHY, ESQ.
Florida Bar No. 086793
233 East Bay Street, Suite 920
Jacksonville, FL 32202

Telephone: (904) 355-0805
Facsimile: (904) 634-1507
Attorneys for Plaintiff